UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT M. GONZALES, | No. C 09-3550 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| RN CONNIE G; SANTA CLARA COUNTY VALLEY MEDICAL SYSTEM, | |
| Defendants. | |

## INTRODUCTION

Robert Gonzales, an inmate at the Santa Clara County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A. His motion for a temporary restraining order also is before the court for consideration.

## BACKGROUND

Robert Gonzales alleges in his complaint that he has been at the Santa Clara County Jail since January 9, 2009 and has received inadequate medical care for his back problems during his stay. He alleges the following in his complaint. He requested to be seen by a doctor several times, but appointments were not scheduled, and/or he would not be taken to scheduled appointments. He filed an inmate grievance on or about May 15, 2009; the response of unidentified persons was that the staff was uncertain why Gonzales' medical appointments were not occurring. Gonzales asked RN Connie to check on his medical appointments, and she

1 responded with indifference, including telling him that he was not in pain. Gonzales submitted 2 additional requests to RN Connie for medical care without success; she would give him "ugly 3 looks" when he asked for medical attention, Complaint, p. 4B, and would direct him to fill out 4 new requests for medical care, id. at 5B. Jail medical staff marked the records to show that 5 Gonzales failed to show up for several appointments, but he appears to contend that he did not 6 go to the appointments because he was not summoned to them.

## DISCUSSION

A. <u>Review Of Complaint</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. <u>See id</u>. at 1915A(b)(1),(2). <u>Pro se</u> pleadings must be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

When an inmate alleges that his medical care has been constitutionally inadequate, he must allege two things to state a claim: (1) a serious medical need and (2) deliberate indifference to that need by prison officials. <u>See</u> <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).[1] Liberally construed, the complaint states a cognizable claim against

---

[1] The complaint does not allege whether Gonzales was a pretrial detainee or a convict at the time of the incidents alleged in his complaint, but the absence of this information does not necessitate a dismissal with leave to amend. His status affects the constitutional provision under which his claims arise: a pretrial detainee's claims about conditions of confinement arise under

1  defendant RN Connie. The complaint alleges that nurse Connie delayed and denied medical
2  attention when Gonzales requested care for his back problems.

3        The complaint does not state a claim against the other defendant, however. The second
4  defendant listed by Gonzales is the chief medical officer of the Santa Clara Valley Medical
5  Center who is also employed at the county jail. The chief medical officer apparently was named
6  because she was in charge of the medical facility, and was not alleged to have participated in any
7  particular medical decision with regard to Gonzales. There is no respondeat superior liability
8  under section 1983, i.e. no liability under the theory that one is responsible for the actions or
9  omissions of an employee. Liability under Section 1983 arises only upon a showing of personal
10  participation by the defendant. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).
11  Accordingly, the chief medical officer is dismissed without prejudice.

13  B.    <u>Motion For Temporary Restraining Order</u>

14        Gonzales has filed a one-page motion for a temporary restraining order. His motion is
15  unclear as to whether he wants to force the medical staff to treat him or to refrain from treating
16  him. To the extent he wants staff not to treat him, he can accomplish that by not seeking care
17  or declining it when it is offered to him. To the extent he wants staff to be ordered to treat him,
18  his motion is wholly inadequate to support the issuance of a TRO to compel treatment.

19        Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary
20  injunction or temporary restraining order ("TRO"). Prior to granting a preliminary injunction,
21  notice to the adverse party is required. <u>See</u> Fed. R. Civ. P. 65(a)(1). Therefore, a motion for
22  preliminary injunction cannot be decided until the parties to the action are served. <u>See</u> <u>Zepeda</u>
23  <u>v. INS</u>, 753 F.2d 719, 727 (9th Cir. 1983). A TRO may be granted without written or oral notice
24  to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts

---

27  the Fourteenth Amendment's Due Process Clause, while a convict's claims arise under the Eighth
   Amendment's Cruel and Unusual Punishment Clause. Even though pretrial detainees' claims
28  arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for
   evaluating those claims. <u>See</u> <u>Carnell v. Grimm</u>, 74 F.3d 977, 979 (9th Cir. 1996) (8th
   Amendment guarantees provide minimum standard of care for pretrial detainees).

3

shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons why it should not be required. See Fed. R. Civ. P. 65(b). The standard for issuing a TRO is similar to that required for a preliminary injunction. See Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008).

Gonzales has fallen far short of making the necessary showing for interim relief. Although the court is required to liberally construe the allegations of a complaint for purposes of evaluating its pleading sufficiency, the court does not engage in that kind of liberal construction when evaluating evidence. The complaint is verified and therefore may be considered as evidence in support of the motion for a temporary restraining order, but reading the complaint does not leave one with any sense of a likelihood of success on the merits for Gonzales. This is especially so because the complaint and attachment thereto indicate medical appointments have been scheduled for Gonzales and missed by him. He has provided no evidence that it is the defendant's obligation to take him to the medical appointments. He has not explained how the process for attending medical appointments works at the jail, and his failure to explain that leaves the court unable to determine whether the missed appointments are being caused by the plaintiff patient, the defendant nurse, or the jail custodial staff. Plaintiff has failed to show any likelihood of success on the merits and therefore a TRO will not issue.

## CONCLUSION

For the foregoing reasons,

1. The complaint states a claim for relief under 42 U.S.C. § 1983 against defendant RN Connie for deliberate indifference to Gonzales' medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punishment or Fourteenth Amendment right

4

to due process. All other defendants and claims are dismissed.

  2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon defendant R.N. Connie, a nurse on the medical staff at the Santa Clara County Jail facility.

  3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **March 26, 2010**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, she must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **May 7, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).)

    c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **May 21, 2010**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard

any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

8. The motion for a temporary restraining order is DENIED. (Docket # 5.)

9. The request for an extension of time to file an in forma pauperis application is DISMISSED as unnecessary because the application was timely filed. (Docket # 2.) The in forma pauperis application will be ruled on in a separate order issued today.

IT IS SO ORDERED.

Dated: January 11, 2010

_____
SUSAN ILLSTON
United States District Judge

6